

United States Courts
Southern District of Texas
FILED
AUG 18 2003
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| | § | **H-03-3289** |
| FIRST AID PRODUCTS LP Nutramax First Aid Division, a subsidiary of NUTRAMAX PRODUCTS, INC., | § § § § | COMPLAINT |
| and | § § | |
| NUTRAMAX PRODUCTS, INC. | § § | |
| Defendants. | § § § | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1  This is an action under Title VII of the Civil Rights Act of 1964, <u>as amended</u>, by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of sex and to provide appropriate relief to Debbie Kelley ("Kelley"), who was adversely affected by the unlawful practices. While employed by Defendant First Aid Products L.P., Nutramax First Aid Division and Defendant Nutramax Products, Inc. (collectively "Defendant"), Ms. Kelley was subjected to unlawful sexual harassment and disparate terms, conditions and privileges of employment because of her sex, female.

## JURISDICTION AND VENUE

2.  Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States

District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant First Aid Products L.P., Nutramax First Aid Division, a Subsidiary of Nutramax Products, Inc. is a Texas limited partnership. Defendant First Aid Products L.P. is now doing business (and has continuously been doing business) in the State of Texas, Harris County, and the City of Houston, and has continuously had more than 15 employees at all times relevant to this cause of action.

6. Defendant Nutramax Products, Inc., a Delaware corporation, is now doing business (and has continuously been doing business) in the State of Texas, Harris County, and the City of Houston, and has continuously had more than 15 employees at all times relevant to this cause of action. Defendant First Aid Products L.P., Nutramax First Aid Division, and Defendant Nutramax Products, Inc. shall be collectively known as "Defendant."

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Ms. Kelley filed with the Commission a charge alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled, including the filing of a timely charge of employment discrimination, and an attempt to conciliate the matter.

9. Since at least May 2001, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), at its Houston facility located at 15200 I-45 North, Houston, Texas 77090.

10. Since at least May 2001, Defendant's supervisor, Sayed Akbar, has subjected Ms. Kelley to unlawful sexual harassment and to disparate terms, conditions and privileges of employment because of her sex, female.

11. The effect of the practices complained of above has been to deprive Ms. Kelley of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

12. The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

13. The unlawful employment practices complained of in the preceding paragraphs were done with malice or with reckless indifference to Ms. Kelley's federally protected rights.

## PRAYER FOR RELIEF

14. Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

    B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices;

    C. Order Defendant to make whole Ms. Kelley, by providing appropriate backpay, including all bonuses; and by providing compensation for any other pecuniary losses, past and future, including out-of-pocket in amounts to be proved at trial;

    D. Order Defendant to provide Ms. Kelley, compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to determined at trial;

    E. Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

    F. Order Defendant to pay punitive damages, in amounts to be determined at trial, for its malicious and reckless conduct;

    G.    Award pre-judgment interest and post-judgment interest on all amounts recovered;

    H.    Grant such further relief as the Court deems necessary and proper in the public interest;

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

15. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Eric S. Dreiband
General Counsel
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
Rose Adewale-Mendes
Acting Regional Attorney

_____
Rudy L. Sustaita
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 19523560
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3400